**The relief described hereinbelow is SO ORDERED.**

**Signed July 07, 2022.**

_____
**H. CHRISTOPHER MOTT**
**UNITED STATES BANKRUPTCY JUDGE**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| FLIX BREWHOUSE NM LLC | § | Case No. 21-30676-hcm |
|     Debtor. | § | (Chapter 11; Subchapter V) |
| | | |
| FLIX BREWHOUSE NM LLC; and | § | |
| FLIX ENTERTAINMENT LLC | § | |
|   Plaintiffs, | § | Adversary No. 21-03029-hcm |
| v. | § | |
| VILLAGE @ LA ORILLA LLC | § | |
|   Defendant. | § | |

### SECOND AMENDED SCHEDULING ORDER

    This matter comes before the Court on the agreed motion of the parties in this adversary proceeding, Flix Brewhouse NM LLC and Flix Entertainment LLC, plaintiffs in this adversary proceeding (collectively "Plaintiffs") and Village @ La Orilla LLC, defendant in this adversary proceeding ("Defendant"), seeking entry of a modified scheduling order in this case. After considering the pleadings, the Court finds that pursuant to Rule 16 of the Federal Rules of Civil Procedure, the following Second Amended Scheduling Order should be entered in this adversary proceeding, which amends and supersedes this Court's First Amended Scheduling Order entered in this adversary proceeding on May 5, 2022. (Dkt. 19).

SFGH:4881-6218-2183v1

**IT IS HEREBY ORDERED AND NOTICE IS HEREBY GIVEN AS FOLLOWS:**

1.      The parties shall file all amended or supplemental pleadings and shall join additional parties on or before February 3, 2022. *See* L. Rule 7015.

2.      All parties asserting or resisting claims for relief shall serve on all other parties, but not file, the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, on or before January 24, 2022.

3.      The parties shall exchange proposed stipulations of fact in the case on or before February 4, 2022.

4.      The parties shall issue written discovery requests, including interrogatories, requests for production of documents, and requests for admission no later than June 20, 2022. Responses to all written discovery requests shall be made no later than August 19, 2022.

5.      All parties asserting or resisting claims for relief shall serve on all other parties, but not file, the disclosure of experts required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, on or before June 8, 2022.

6.      The parties shall complete discovery on or before September 9, 2022. Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances.

7.      All dispositive motions shall be filed and served on all other parties on or before October 7, 2022, and shall be limited to 20 pages. *See* L. Rule 7007(a) for the definition of dispositive motions and page limits. Responses shall be filed and served on all other parties not later than 21 days of the service of the motion and shall be limited to 20 pages. *See* L. Rule 7007(b)(2). Any replies shall be filed and served on all other parties not later than 7 days of the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. *See* L. Rule 7007(c). All other motions in this adversary proceeding, unless unopposed, require the filing of a written response within 14 days, or the motion may be granted without a hearing.

8.      Motions other than Rule 12 or 56 are governed by L. Rule 7007, 9013, and 9014 where applicable.

9.      This case is set for Docket Call to set this matter for trial (the "Trial") on December 7, 2022, at 10:00 a.m. CT / 9:00 a.m. MT via at us−courts.webex.com/meet/Mott, through the Cisco WebEx Meetings application. Parties may also attend the hearing by phone at 650−479−3207 with access code 160 357 6609#. The Docket Call in this case originally scheduled for September 7, 2022, is hereby cancelled.

10.     A JOINT Pre-trial Order shall be filed by November 30, 2022. Separate proposed findings of fact and conclusions of law, and trial briefs shall also be filed by November 30, 2022.  *See* L. Rule 7016(c) and (d).

11.     The Joint Pre-Trial Order shall include a list of exhibits and a list of witnesses for each party. By the same date as the proposed Joint Pre-Trial Order is filed, the parties should also exchange exhibits.

12.     Plaintiffs should label their exhibits as P-1, P-2, etc., and Defendant should label its exhibits as D-1, D-2, etc. Counsel should attempt to coordinate their efforts to avoid having multiple copies of the same exhibit. Counsel should confer in advance of the Trial and stipulate as to the admissibility of exhibits at the commencement of the Trial to the extent possible. Exhibits should be bound, labeled, tabbed and indexed. Three bound sets of exhibits should be delivered to the Court by December 1, 2022.

13.     Counsel are reminded that, with regard to any paper that is filed, compliance with Fed. R. Civ. P. 5.2 is mandatory. As such, counsel should ensure that appropriate redactions are made.

14.     This Scheduling Order does not specifically address the discovery of electronically stored information (ESI). To the extent the parties believe that ESI is subject to discovery, the parties are directed to reach an agreement on production of ESI. The parties are encouraged to use the template developed by the Seventh Circuit Electronic Discovery Pilot Program. Any party may bring any dispute regarding the discovery of ESI, but it must be brought to the Court's attention by motion 30 days after Rule 26(a)(1) disclosures are made.

15.     **All discovery must be commenced and completed by the discovery deadline provided in this Order.**

        a.     Counsel are encouraged to resolve discovery disputes by agreement. Motions to compel, motions for protective orders and similar motions, while not prohibited, may result in sanctions being imposed on the losing party or both parties.

        b.     All discovery shall be commenced at a time which allows for the full response time provided by applicable rules on or before the discovery deadline.

        c.     The Court may, upon motion and for cause shown, extend, reduce, or otherwise modify the deadlines set out in the Scheduling Order. Mere agreement of the parties to such extensions or modifications is not of itself sufficient cause.

16.     Counsel must confer prior to the date the proposed Joint Pre-Trial Order is required to be filed, to fully explore the possibility of settlement, to stipulate to matters not in dispute and to simplify the issues. The Joint Pre-Trial Order shall contain a certificate to the effect that the conference of counsel has been held.

3

17.    On or before April 22, 2022, authorized representatives of each of the parties and their respective counsel, shall conduct and have completed a formal mediation with a third-party mediator. The mediation may be conducted in-person or by remote means as agreed by the parties and the mediator. The identity of the mediator shall be agreed upon by the parties, and in the absence of agreement, the Court will appoint a mediator upon motion by any party. The cost of the mediation shall be borne equally by the parties, unless otherwise agreed by the parties. The Subchapter V trustee may attend the mediation if he desires. Promptly upon completion of the mediation, the parties shall file a short notice with the Court advising whether the mediation was successful. Formal mediation is not necessary if the parties are able to resolve their disputes prior to the deadline for completing a formal mediation.

### 

**APPROVED**:

*Village @ La Orilla, LLC*

By:   /s/ Peter Lindborg
　　　　One of its Attorneys

Peter Lindborg
**LINDBORG & MAZOR LLP**
550 North Brand Blvd., Ste. 1830
Glendale, CA 91203
Telephone: 818.637.8325
Facsimile: 818.637.8376
plindborg@lmllp.com

*Counsel to Village @ La Orilla, LLC*

*Flix Entertainment LLC*

By:   /s/ Kell C. Mercer
　　　　One of its Attorneys

Kell C. Mercer
Texas Bar No. 24007668
**KELL C. MERCER, P.C.**
1602 E. Cesar Chavez St.
Austin, TX 78702
Telephone: 512.627.3512
Facsimile: 512.597.0767

*Flix Brewhouse NM LLC*

By:   /s/ Rachael L. Smiley
　　　　One of its Attorneys

Rachael L.  Smiley (State Bar No. 24066158)
**FERGUSON BRASWELL FRASER KUBASTA PC**
2500 Dallas Pkwy
Plano, TX 75093
Telephone:
　　　　　972.378.9111
Facsimile:  972.378.9115
rsmiley@fbfk.law

*Co-Counsel to the Debtor*

By:   /s/ Jonathan Friedland
　　　　One of its Attorneys

Jonathan Friedland (*admitted pro hac vice*)
Jack O'Connor (*admitted pro hac vice*)
Mark Melickian (*admitted pro hac vice*)
Kathryn Nadro (*admitted pro hac vice*)
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone:
　　　　　312.704.9400

4

kell.mercer@mercer-law-pc.com

*Counsel to Flix Entertainment LLC*

Facsimile: 312.704.9400
jfriedland@sfgh.com
joconnor@sfgh.com
mmelickian@sfgh.com
knadro@sfgh.com

*Co-Counsel to the Debtor*